UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JIMMIE STEPHENS,                       )
                                       )
           Plaintiff,                  )
                                       )
v.                                     )        No. 3:25-cv-378-DCLC-JEM
                                       )
M. BENANTI and                         )
DAO VANG,                              )
                                       )
           Defendants.                 )

## <u>ORDER TO SHOW CAUSE</u>

This is case is before the undersigned pursuant to 28 U.S.C. § 626, the Rules this Court, and Standing Order 13-02.

Now before the Court are Plaintiff's Application to Proceed In Forma Pauperis ("Application") [Doc. 1] and Petition Under 28 U.S.C. § 2254 [Doc. 2].[1] The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1]     Plaintiff used a form application for petitions under § 2254 [Doc. 1]. But Plaintiff does not seek habeas corpus relief. Instead, the allegations stem from Plaintiff's claim that Defendant Benanti took his money and that Plaintiff is owed restitution [*See generally id*.]. While he names the warden as a Defendant, there are no allegations against him [*Id*.]. The Court therefore has not construed Plaintiff's filing as a petition under § 2254.

On January 17, 2025, this Court deemed Plaintiff to be a three-strikes litigant. *Stephens v. Benanti*, No. 3:24-CV-00330, 2025 WL 242261, at *1 (E.D. Tenn. Jan. 17, 2025), *aff'd*, No. 25-5184 (6th Cir. Aug. 8, 2025).[2] Under the "three strikes" provision of the PLRA, Plaintiff cannot file this suit—or any future suit in forma pauperis—unless he can demonstrate that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). To be eligible for the "imminent danger of serious physical injury" exception, the plaintiff "must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. In addition, the plaintiff must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (cleaned up). In other words, the "imminent danger . . . must be real and proximate[.]" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citation omitted). "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* (citation omitted).

Here, Plaintiff does not include any allegations that he is under an imminent danger of serious physical injury. Given that, the Court **ORDERS** Plaintiff to **SHOW CAUSE** on or before

---

[2]      Plaintiff has been deemed a three-strikes litigant in California since 2008. *See Stephens v. Felder*, No. 2:24-CV-1713, 2024 WL 3159868, at *2 (E.D. Cal. June 25, 2024) ("Court records reveal that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant . . . ." (citation omitted)), *reconsideration denied sub nom.*, *Stephens v. Fedder*, No. 2:24-CV-1713, 2024 WL 3413454 (E.D. Cal. July 15, 2024), *report and recommendation adopted*, No. 2:24-CV-1713, 2024 WL 3821716 (E.D. Cal. Aug. 14, 2024).

2

**September 12, 2025**, why his Application should not be denied given that he is a three-strikes litigant.

    **IT IS SO ORDERED.**

                ENTER:

                Jill E. McCook
                United States Magistrate Judge