UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIMMIE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-CV-378-DCLC-JEM |
| | ) |
| M. BENANTI and | ) |
| DAO VANG, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, who is housed at the California Medical Facility in Stockton, California, filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and the Petition Under 28 U.S.C. § 2254 ("Petition") [Doc. 2].[1] Because Plaintiff has filed at least three (3) lawsuits that were dismissed for failing to state a claim, and no exception applies, the Court **RECOMMENDS** that the District Judge bar him from proceeding in forma pauperis under 28 U.S.C. § 1915(g). Should the District Judge accept this recommendation, and if Plaintiff wishes to continue with this action, he must pay the full civil filing fee applicable to those who are not permitted to proceed in forma pauperis.

---

[1] Plaintiff used a form application for petitions under § 2254 [Doc. 1]. But Plaintiff does not seek habeas corpus relief. Instead, the allegations stem from Plaintiff's claim that Defendant Benanti took his money and that Plaintiff is owed restitution [*See generally id.*]. These allegations are similar to the allegations he made in *Stephens v. Benanti*, No. 3:24-cv-330 [Doc. 1] (E.D. Tenn. July 29, 2014). And here, while he names the warden as a Defendant, there are no allegations against him [*Id.*]. The Court therefore has not construed Plaintiff's filing as a petition under § 2254.

I.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

On January 17, 2025, this Court deemed Plaintiff to be a three-strikes litigant. *Stephens v. Benanti*, No. 3:24-CV-00330, 2025 WL 242261, at *1 (E.D. Tenn. Jan. 17, 2025), *aff'd*, No. 25-5184 (6th Cir. Aug. 8, 2025).[2] Under the "three strikes" provision of the PLRA, Plaintiff cannot file this suit—or any future suit in forma pauperis—unless he can demonstrate that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). To be eligible for the "imminent danger of serious physical injury" exception, the plaintiff "must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. In addition, the plaintiff must "show that his complaint alleged facts 'from which a court, informed by its judicial experience and

---

[2] Plaintiff has been deemed a three-strikes litigant in California since 2008. *See Stephens v. Felder*, No. 2:24-CV-1713, 2024 WL 3159868, at *2 (E.D. Cal. June 25, 2024) ("Court records reveal that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant . . . ." (citation omitted)), *reconsideration denied sub nom.*, *Stephens v. Fedder*, No. 2:24-CV-1713, 2024 WL 3413454 (E.D. Cal. July 15, 2024), *report and recommendation adopted*, No. 2:24-CV-1713, 2024 WL 3821716 (E.D. Cal. Aug. 14, 2024).

2

common sense, could draw the reasonable inference' that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (internal quotation marks omitted). In other words, the "imminent danger . . . 'must be real and proximate[.]'" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citation omitted). "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* (citation omitted).

On August 11, 2025, the Court entered an Order directing Plaintiff to show cause why his Application should not be denied given that he is a three-strikes litigant [Doc. 5]. In response, Plaintiff stated that he has established imminent danger because when he was praying, an inmate threw hot liquid on him [Doc. 6 p. 1]. He attached a Restricted Housing Unit Placement Notice ("Notice") that outlines the incident [Doc. 6-1 p. 3]. The Notice states that on March 20, 2025, another inmate struck Plaintiff in the head with a hot pot, while Plaintiff appeared to be praying [*Id.*]. The inmate thereafter continued to hit Plaintiff in the head with the hot pot [*Id.*]. Plaintiff also filed the "Right to be Reasonably Heard[,]" seeking restitution in the amount of $30,916.94 [Doc. 7 p. 1].[3]

These allegations do not establish the imminent danger exception. First, the incident Plaintiff relies on to establish the exception does not relate to the allegations in the Complaint. *See Caldwell v. Shur*, No. 5:24CV82, 2024 WL 5455869, at *1 (E.D. Tex. July 11, 2024) ("This imminent danger must relate to the allegations of the complaint." (citation omitted)), *report and recommendation adopted*, No. 5:24-CV-82, 2025 WL 744459 (E.D. Tex. Mar. 7, 2025). Second, "[a]llegations of past dangers are insufficient to invoke the exception." *Taylor*, 508 F. App'x at 492 (citation omitted). Plaintiff therefore has not met his burden.

---

3      This is the amount Plaintiff claims Defendant Benanti took from him [Doc. 2 p. 9].

## II. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[4] that the District Judge **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].[5] The Court further **RECOMMENDS** that Plaintiff be afforded twenty-one (21) days to pay the filing fee and advised that the failure to do so will result in a dismissal of his case without prejudice.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[4] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).