UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JIMMIE STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:25-CV-00378-DCLC-JEM |
| | ) | |
| vs. | ) | |
| | ) | |
| M. BENANTI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court to consider the report and recommendation ("R&R") of the United States Magistrate Judge [Doc. 8]. In the R&R, the magistrate judge recommends that the Court deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1]. Plaintiff filed objections to the R&R [Doc. 9]. The Court will now consider the R&R as well as Plaintiff's objections.

Federal Rule of Civil Procedure 72(b)(2) provides that a party may file "specific written objections" to a magistrate judge's R&R. Objections to an R&R must be specific; they cannot be general in nature. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

The R&R finds Plaintiff is disqualified from filing *in forma pauperis* because he is a three-strikes litigant under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g); [Doc. 8, pg. 2]. The magistrate judge notes that this Court deemed Plaintiff to be a three-strikes litigant on

January 17, 2025. *Stephens v. Benanti*, No. 3:24-CV-00330, 2025 WL 242261, at *1 (E.D. Tenn. Jan. 17, 2025), *aff'd*, No. 25-5184 (6th Cir. Aug. 8, 2025). The R&R also finds that Plaintiff did not plead sufficient facts to establish the imminent danger exception to the PLRA three strikes rule. [Doc. 8, pg. 3]. The Court may only consider Plaintiff's objections to the extent that they dispute his status as a three-strikes litigant or the finding that he is not under imminent danger of serious physical injury.

Plaintiff's objections contest that two of the actions the R&R relied on in finding that he is a three-strikes litigant may not be counted because they were entered before the PLRA's effective date in 1996, and he asserts that the PLRA is not retroactive. [Doc. 9, pg. 3]. The Sixth Circuit, however, has rejected this argument holding that "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (citing *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998)). Nevertheless, there have been at least four actions filed by Plaintiff that count as strikes post 1996. *See Stephens v. Felder*, No. 2:24-CV-1713, 2024 WL 3159868, at *2 (E.D. Cal. June 25, 2024), *reconsideration denied sub nom.*, *Stephens v. Fedder*, No. 2:24-CV-1713, 2024 WL 3413454 (E.D. Cal. July 15, 2024), *report and recommendation adopted*, No. 2:24-CV-1713, 2024 WL 3821716 (E.D. Cal. Aug. 14, 2024). Plaintiff did not object to the R&R's finding that his allegations do not establish the imminent danger exception.

After thorough consideration of Plaintiff's objections [Doc. 9], the R&R [Doc. 8], and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections [Doc. 9] are **OVERRULED**, the R&R [Doc. 8] is **ADOPTED,** and

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] is **DENIED**.

Finally, pursuant to the recommendation of the magistrate judge, it is hereby **ORDERED** that Plaintiff pay the filing fee by **December 9, 2025**. Failure to pay the filing fee by the deadline will result in dismissal of this case without prejudice.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge